**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

           Plaintiff,

v.

HEALTH ALLIANCE PLAN,

           Defendant.
_____ /

Case Number: 06-15096

JUDGE PAUL D. BORMAN
UNITED STATES DISTRICT COURT

**OPINION AND ORDER GRANTING PLAINTIFF STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY'S MOTION FOR REMAND (DOCK. NO. 3)**

      Now before the Court is Plaintiff State Farm Mutual Automobile Insurance Company's ("Plaintiff") Motion for Remand. The motion has been fully briefed and the Court has determined that no hearing is required under Local Rule 7.1. E.D. Mich. LR 7.1(e)(2). Having considered the entire record, and for the reasons that follow, the Court GRANTS Plaintiff's Motion for Remand.

**I.    FACTS**

      On October 30, 2004, Mark Johnson was involved in a motor vehicle accident. (Compl. ¶ 5). Johnson was the named insured in an insurance contract with Plaintiff State Farm Mutual Automobile Insurance Company ("Plaintiff"). (*Id*.). The insurance contract between Johnson and Plaintiff provided that Johnson was entitled to coordinated medical coverage. (Pl.'s Br. 4). More specifically, the contract obligated Plaintiff

    to pay for allowable medical expenses consisting of all reasonable charges

1

> incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation for injuries relating to accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, but only to the extent that those allowable medical expenses were not covered by Johnson's health insurance.

(Compl. ¶ 5). At the time of the accident, Johnson was insured by Defendant Health Alliance Plan ("Defendant") as his health insurance provider. (Compl. ¶ 6).

After the accident, Johnson filed a claim for no-fault benefits with Plaintiff (Compl. ¶ 7). Plaintiff paid $13,747.21 in medical expenses for Johnson. Defendant alleges that it paid some bills which were submitted to it, but denied a number of bills for reasons such as failure to obtain a written referral for services out of network, refusal to transfer, and benefits not covered under the plan. (Def.'s Resp. 2). Plaintiff claims that they are secondarily liable, and Defendant is primarily liable, for Johnson's medical benefits, pursuant to Michigan's No-Fault Act. (Pl.'s Br. 4).

Plaintiff originally filed its Complaint in state court on October 12, 2006. Defendant removed the case on November 14, 2006, alleging that this Court has removal jurisdiction because Plaintiff seeks recovery of benefits under and Employee Benefit Plan covered by Employee Retirement Income Security Act ("ERISA"). On December 4, 2006, Plaintiff filed the instant Motion to Remand. Defendant filed its response on December 21, 2006. Plaintiff filed a Reply on December 28, 2006.

### III.   ANALYSIS

#### A.   Standard for Removal

A case may be removed from state court to federal court if the case could originally have been brought in federal court. 28 U.S.C. § 1441(a). Removal statutes are narrowly construed.

*Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). Federal courts have jurisdiction to hear cases (1) "arising under the Constitution, laws, or treaties of the United States" or (2) based on diversity of citizenship. 28 U.S.C. §§ 1331, 1332. When diversity of citizenship is not alleged, as it is in the instant case, removal is only proper for actions in "which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Removing defendants bear the burden of establishing federal subject-matter jurisdiction." *Ahearn v. Charter Twp.*, 100 F.3d 451, 453-54 (6th Cir. 1996).

Federal courts use the "well-pleaded complaint" rule to determine federal jurisdiction. *Long v. Bando Mfg. of America, Inc.*, 201 F.3d 754, 758 (6th Cir. 2000). "Federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* (citation and quotation omitted). Generally, a state law claim cannot be "recharacterized" as a federal claim for the purpose of removal. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). "[A] case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).

If an area is "completely preempted," then the state law claim is displaced by the federal cause of action, and the action is subject to removal. *Taylor*, 481 U.S. at 63-64. That is because federal preemption is so complete that conflicting state law is effectively extinguished, the only

3

theory of recovery remaining is the federal claim, and the complaint is read to assert a federal cause of action. *Id.* at 534..

An ERISA claim will supersede all state laws which may "relate to" an employee benefit plan that is subject to ERISA. State statutes which, in their application, even remotely affect ERISA plan administration or allocation of benefits are subject to ERISA's explicit preemption provisions. *See Lincoln Mut. Cas. Co. v. Lectron Prods., Inc.*, 970 F.2d 206, 209-10 (6th Cir. 1992).

It is not true in all cases that where a state rule of decision is preempted by federal law, a claim is removable under 28 U.S.C. § 1441(a). *See generally, State Farm Mut. Automobile Ins. Co. v. Blue Care Network of Mich.*, 2005 WL 2123730 (E.D. Mich. Aug. 31, 2005) (unpublished). That is because a distinction is made between "preemption and complete preemption." *Wright v. Gen. Motors Corp.*, 262 F.3d 610, 613-14 (6th Cir. 2001). A state claim is completely preempted, and thus removable under ERISA, if it is equivalent to an civil enforcement action under 29 U.S.C. § 1132(a)(1)(B). *Id.* Section 1132(a)(1)(B) states that "[a] civil action may be brought . . . (1) by a participant or beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). It follows that removal is not appropriate solely because ERISA preempts a state law. Just because a defendant may, at some point in the litigation, prove that a plaintiff's claims are pre-empted "does not establish that they are removable to federal court." *Caterpillar*, 482 U.S. at 398. A federal preemption defense in such nonremovable cases would be decided in state court and would be subject to review on certiorari in the United States Supreme Court. *Warner v. Ford*

4

*Motor Co.*, 46 F.3d 531, 535 (6th Cir. 1995).

### B.     Discussion

Plaintiff argues that a remand is appropriate because Defendant has not proven that the Court has subject matter jurisdiction. Plaintiff contends that ERISA preempts its state law claim only if the plan at issue is self-funded. Plaintiff believes that the fund is not self-funded, and asserts that Defendant has not alleged nor supplied any evidence which proves that the employee benefit plan at issue is self-funded.

Defendant responds that it is unable to determine at this time whether the employee benefit plan in question is a self-funded plan. Defendant avers that this case does not concern an issue arising under state laws relating to insurance. Defendant claims that the essence of the claim is for the recovery of an ERISA plan benefit. Defendant asserts that in order to avoid preemption, Plaintiff must show that the dispute at issue is one relating to laws regulating insurance and that this must be shown before the self-funding status of the plan is relevant. Defendant argues that no-fault laws regulating insurance are not at issue.

Plaintiff replies that no basis for federal jurisdiction exists and that the case should be remanded. Plaintiff contends that as a starting point, a case may not be removed to a federal court on the basis of a federal defense, including the defense of preemption. Thus, Plaintiff asserts that the nature of Defendant's defense does not change Plaintiff's claim. Plaintiff avers that the Defendant has not met its burden in showing that the employee benefit plan at issue is self-funded and thus its claims under the Michigan No-Fault Act are exempt from ERISA preemption.

In *Lincoln Mutual*, the Sixth Circuit held that:

> [u]pon review of the facts . . ., we conclude that Mich. Comp. Laws § 500.3109a, as it relates to the [instant self-funded] Plan, is not "saved" under the insurance regulation exception to preemption because, under the "deemer" clause, the Plan is "'deemed' not to be an insurance company for purposes of state laws," such as § 3109a, that purport to regulate insurance contracts.

970 F.2d at 210. However, in regards to an insured benefit plan, the Michigan Court of Appeals has held that Section 3109a is not preempted when the employee benefit plan is not a self-funded plan. *American Med. Sec., Inc. v. Allstate Ins. Co.*, 235 Mich. App. 301, 307 (1999). When the plan is insured, the insurer is subject to Michigan insurance law and regulation, specifically section 3109a, even where that statute indirectly affects the plan. *Id.*

Thus, there are situations where section 3109a is not preempted by ERISA. In the instant case, both parties agree that if Defendant's fund is self-insured, then there is complete preemption and ERISA applies. The issue, however, is that Plaintiff asserts that Defendant has not shown that the employee pension fund is self-insured.

"It is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393. As stated above, the burden of showing federal subject-matter jurisdiction is on the removing party and therefore merely alleging federal preemption is insufficient to meet that burden.

Defendant admits that it did not state whether the ERISA plan was a self-funded plan because, at the time of removal, it was unable to make that determination. (Def.'s Resp. 2). Defendant states that

> [its] contacts with Detroit Diesel are currently working on attempting to determine the funded nature of the Plan, but the specifics of the Plan are not

6

> within the control of Defendant and the responses are not immediately forthcoming. Defendant will attempt to prove additional information to the Court and opposing counsel as it becomes available.

(*Id.*). Besides conceding that it does not have evidence whether the ERISA plan is self-funded, Defendant argues that Plaintiff claim is not a claim under Mich. Comp. Law § 500.3109a because it does not dispute it has priority for medical treatments. However, this defense cannot be the basis for removal to federal court.

Additionally, Defendant contends that Plaintiff's claim falls under the civil enforcement action of ERISA and is completely preempted by ERISA. While the Court understands Defendant's argument, Defendant has not shown that the plan at issue is a self-funded ERISA plan.

> We read the deemer clause to exempt self-funded ERISA plans from state laws that "regulate insurance" within the meaning of the saving clause. . . . On the other hand, employee benefit plans that are insured are subject to indirect state insurance regulation. An insurance company that insures a plan remains an insurer for purposes of state laws "purporting to regulate insurance" after application of the deemer clause. The insurance company is therefore not relieved from state insurance regulation. The ERISA plan is consequently bound by state insurance regulations insofar as they apply to the plan's insurer.

*American Med. Sec. v. Auto Club Ins. Ass'n*, 238 F.3d 743, 754 (6th Cir. 2001). Without showing that the plan is self-regulated, Defendant's claim that Plaintiff's cause of action actually falls under ERISA's civil enforcement statute, is unsupported by the record. Since the evidence of a self-funded plan is lacking, Plaintiff's claims for subrogation and reimbursement of benefits paid under the Michigan No-Fault Act are exempt from ERISA preemption under the "savings clause." Accordingly, the action is hereby remanded to state court.

### III.   CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion for Remand.

**SO ORDERED.**

                                    s/Paul D. Borman
                                    PAUL D. BORMAN
                                    UNITED STATES DISTRICT JUDGE

Dated:  January 22, 2007

                          CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 22, 2007.

                                    s/Denise Goodine
                                    Case Manager